IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:11-CR-196-ALM-KPJ |
| | § |
| RICARDO VALDEZ (6) | § |
| | § |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 8, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Steven Lafuente. The Government was represented by Colleen Bloss.

On May 29, 2014, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of eighty (80) months imprisonment followed by a five (5) year term of supervised release. Defendant's supervision commenced on February 2, 2017, but was revoked on March 19, 2018. Defendant was sentenced by the Honorable Amos L. Mazzant, III, United States District Judge, to a sentence of fourteen (14) months imprisonment followed by a forty-two (42) month term of supervised release. The new term of supervised release commenced on March 1, 2019.

On June 19, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 1509). On May 15, 2020, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 1523). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or local crime; (2) Defendant must not

1

unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) after initially reporting to the probation office, Defendant was to receive instructions from the court or the probation officer about how and when he must report to the probation officer, and Defendant must report to the probation officer as instructed; (5) Defendant must work full time (at least thirty (30) hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so; if Defendant does not have full-time employment, Defendant must attempt to find full-time employment, unless the probation officer excuses Defendant from doing so; if Defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least ten (10) days before the change; if notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; and (6) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Petition asserts that Defendant violated these conditions because: (1) on April 24, 2020, Defendant committed the offenses of Fleeing from a Police Officer and Evading Arrest/Detention with Vehicle; on April 29, 2020, Defendant committed the offense of Evading arrest/detention; (2) on March 26, 2019, Defendant submitted a urine specimen at the probation office in Plano, Texas, that tested positive for methamphetamine and benzodiazepines; Defendant admitted to using said substances; the specimen was confirmed positive for both substances by Alere Laboratories, Inc.; (3) on April 12, 2019, Defendant submitted a urine specimen at the

probation office in Plano, Texas, that tested positive for amphetamine and methamphetamine; Defendant admitted to using said substances; the specimen was confirmed positive for both substances by Alere Laboratories, Inc.; (4) Defendant failed to submit monthly supervision reports for the months of April and May 2019; (5) Defendant failed to secure full-time, lawful employment; and (6) Defendant failed to show for drug testing at the probation office in Plano, Texas, on April 3, 2019, and April 11, 2019. Defendant failed to show for drug testing at OnScene Drug Screens in McKinney, Texas, on May 14, 18, 22, 28, and June 3, 2019. On May 5, 2019, Defendant failed to show for a substance abuse evaluation at Fletcher Counseling Inc., in Plano, Texas.

At the hearing, Defendant entered a plea of true in part and not true in part to allegation 1, and a plea of true to allegations 2, 3, 4, 5, and 6. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 8, 2020, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with twenty-four (24) months supervised release to follow with the same previously imposed conditions. The Court further recommends that, after release, Defendant be confined to home detention for the first one-hundred twenty (120) days of his supervised release.

**So ORDERED and SIGNED this 12th day of July, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE